UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Diane T. Reichensperger,

Plaintiff,

vs. MINUTE ORDER

Election Systems & Software, Inc.,

Defendant. Civ. No. 00-1415 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 1st day of February, 2001.

* * *

On February 1, 2001, the Court heard argument on the Defendant's informal Motion for a Protective Order. At the time of the Hearing, the Plaintiff appeared by Lawrence R. Altman, Esq., and the Defendant appeared by Margaret C. Hershiser, Esq. Specifically, counsel for the Defendant advised that she had just commenced deposing the Plaintiff when Plaintiff's counsel engaged in "abusive" tactics, and instructed a witness not to answer a legitimate question. As we stated at the time of the Hearing, a deposition is an instrument of the Court and this Court will not allow that instrument to be abused, or to be a vehicle for abuse. Counsel are expected to conduct themselves, during the course of a deposition, with professionalism and courtesy. Failure to conform

(10)

FILED FEB 01 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

to that standard will result in the imposition of corrective measures.

As to the instruction not to answer a question, having heard the series of questions that prompted that instruction, from Plaintiff's counsel, we are satisfied that no trade secret, privilege, or Court Order, undergirded its interposition. Counsel's attention is drawn to Rule 26(d)(1), Federal Rules of Civil Procedure, which provides, in relevant part, as follows:

> A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3).

Such instructions should be reserved to the bases allowed by this Rule. Lest there be any doubt, we grant the Defendant's Motion for a Protective Order, and reiterate our direction that the deposition of the Plaintiff proceed with professionalism, courtesy, and dispatch. Any failure to adhere to this directive will not be ignored. See, <u>Rule 26(d)(2), Federal Rules of Civil Procedure</u>.

NOW, THEREFORE, It is --

ORDERED:

That, as more fully detailed in the text of this Minute Order, the Defendant's informal Motion for a Protective Order is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts)*.

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

N:\DAILY\FORMS\protecord.wpd